UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

NOVARTIS PHARMA AG,

                     Plaintiffs,                      19-cv-2993 (PKC)

        -against-

                                            OPINION AND ORDER
                                       <u>ON RECONSIDERATION</u>

AMGEN INC.,

                     Defendant.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        Defendant Amgen moves for clarification and/or reconsideration of the Court's

Opinion and Order of June 9, 2020 (the "Opinion"), which granted Novartis's Rule 12(c) motion

as to Count II of the Complaint and denied Amgen's Rule 12(c) motion as to Counts I, II and IV.

<u>Novartis Pharma AG v. Amgen Inc.</u>, 2020 WL 3056490 (S.D.N.Y. June 9, 2020).  Familiarity

with the Opinion is assumed, as is familiarity with the well-understood standard on a motion for

reconsideration under Local Civil Rule 6.3 and Rule 54(b), Fed. R. Civ. P.

        Count I seeks a declaration that Novartis did not breach the so-called "Distracting

Program" provision set forth at section 7.2 of the parties' 2015 Agreement.  Amgen argues that

in denying its Rule 12(c) motion, the Opinion "imposed a definitive construction" that was

favorable to Novartis and contrary to Amgen's preferred construction, even though Novartis

itself did not move for judgment in its favor on Count I.  (Docket # 99 at 1.)  As described by

Amgen: "Amgen sought dismissal of Count I under Rule 12(c), but in pressing for the Court to

find the agreement unambiguously ***favored*** Amgen, Amgen did not invite a ruling as a matter of

law ***against*** its position."  (<u>Id.</u> at 8; emphasis in original.)

In moving for judgment on the pleadings, Amgen squarely placed at issue the construction of section 7.2.  Amgen filed a 25-page opening brief with 107 footnotes and an 11-page reply brief with 48 footnotes.  Amgen's memoranda and pre-motion letter repeatedly urged that section 7.2 is unambiguous.  (See, e.g., Docket # 58 at 2 ("Section 7.2's prohibition is unambiguously expansive."), 3 (urging that section 7.2 contains "unambiguous terms."); Docket # 41 at 6 ("The language of that prohibition [in section 7.2] is unambiguous.").  It argued that the pleadings demonstrated that Novartis engaged in a "Distracting Program" through its Sandoz "Affiliate," thereby breaching section 7.2.  2020 WL 3056490, at *7.  In opposition, Novartis offered a competing interpretation: It urged that Sandoz's activities were beyond the scope of the 2015 Agreement, or, alternatively, that Amgen was required to prove that Sandoz acted pursuant to the instructions of Novartis.  Id. at *8.  Novartis did not assert that the relevant language was ambiguous.

The 2015 Agreement is governed by New York law, which has long held that "[w]hen the terms of a written contract are unambiguous, its proper construction presents a question of law for the court."  Dudley v. Perkins, 235 N.Y. 448, 457 (1923).  On the basis of the pleadings and the documents integral thereto, the Court construed section 7.2 as it was necessary to do in order to adjudicate Amgen's motion.  See 2020 WL 3056490, at *8.  Amgen's argument that the Court was limited to either adopting Amgen's preferred construction or abstaining from construing the provision at all misconstrues the court role in interpreting an unambiguous contract and defies decades of precedent.

Amgen now argues that because the parties advanced conflicting interpretations of section 7.2, the language is actually ambiguous and ought not be construed without extrinsic evidence of the parties' intent.  (Docket # 103 at 1-7.)  "However, provisions in a contract are not

ambiguous merely because the parties interpret them differently." <u>CT Inv. Mgmt. Co., LLC v. Chartis Specialty Ins. Co.</u>, 130 A.D.3d 1, 6-7 (1st Dep't 2015) (quotation marks omitted); <u>accord Universal Am. Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.</u>, 25 N.Y.3d 675, 680 (2015) ("parties cannot create ambiguity from whole cloth where none exists, because provisions are not ambiguous merely because the parties interpret them differently") (quotation marks omitted). That the parties had conflicting interpretations of the agreement was apparent from the outset of the case.  That does not make the agreement ambiguous or warrant reconsideration or clarification of the Opinion.

The parties are sophisticated and retained experienced counsel.  Their motion papers reflected familiarity the underlying agreements and the controlling principles of contract interpretation.  The Court devoted its time and attention to adjudicating the motions.  Amgen took a calculated risk that the Court might reject its preferred construction of section 7.2 and construe the agreement differently.  The construction that Amgen received is a by-product of the judicial process that it invoked by making its motion..

Curiously, Amgen refrains from asking the Court, upon reconsideration, to grant its motion for judgment on the pleadings.[1]  It merely asks to state that the Court has not definitively construed the agreement in the manner stated in its Opinion.  Amgen's motion for reconsideration or clarification is DENIED.

---

[1] "Through its motion, Amgen seeks only narrow relief: Amgen does not seek to alter the ultimate disposition of this Court's June 9, 2020 Opinion and Order ("Order") denying its Rule 12(c) motion."  Amgen Reply at 1.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
September 14, 2020